MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace [MF-8436]
60 East 42nd Street, suite 2540
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
ROSALES MEDINA DONATO, OSMAN
ABIMAEL PEREZ, and SELVIN HERMINIO
RAMOS (A.K.A. WILSON) *individually and*
*on behalf of others similarly situated,*

                                *Plaintiffs*,

             -against-

GEMINI DINER INC. (d/b/a GEMINI
DINER), CONSTANTINOS KASSIMIS and
CHRISTOS ARGYROS

                           *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Rosales Medina Donato, Osman Abimael Perez, and Selvin Herminio Ramos

(a.k.a. Wilson), individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and

belief, and as against Gemini Diner Inc. (d/b/a Gemini Diner) ("Defendant Corporation"),

Constantinos Kassimis and Christos Argyros, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs are former employees of Defendants Gemini Diner Inc. (d/b/a Gemini Diner), Constantinos Kassimis**,** and Christos Argyros (collectively "Defendants").

2.       Defendants own, operate, or control a Diner located at 641 2nd Avenue #1, New York, New York 10016 under the name Gemini Diner.

3.      Upon information and belief, individual Defendants Constantinos Kassimis and Christos Argyros serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs were ostensibly employed as delivery workers, but they were required to spend a considerable part of their work day performing non-tipped, non-delivery duties, including but not limited to dishwashing, sweeping and mopping the entire restaurant (including the sidewalk in front of the restaurant), peeling potatoes, stocking vegetables, shrimp, and fish in the refrigerator, carrying down and stocking deliveries in the basement, bringing up food items from the basement for the cook, cleaning the basement, the bathroom, and the kitchen,  twisting and tying cardboard boxes and taking them out, cleaning the refrigerator, filters, and the awning, and taking out the garbage, (hereinafter the "non-tipped, non-delivery duties").

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours per week that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of their hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay, or for any additional overtime premium for hours worked over 40 in a week.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Defendants employed and accounted for Plaintiffs as delivery workers in their payroll, but in actuality Plaintiffs' duties required greater or equal time spent in non-tipped, non-delivery duties.

9.      Regardless, at all times Defendants paid these Plaintiffs at a rate that was lower than the required tip-credit rate.

10.      Under state law, Defendants were not entitled to take a tip credit because these Plaintiffs' non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever was less in each day.  12 N.Y. C.R.R. §146.

11.      Upon information and belief, Defendants employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This allowed Defendants to avoid paying these Plaintiffs at the minimum wage rate and enabled them to pay Plaintiffs the lower tip-credited rate (which they willfully failed to pay).

12.      Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

13.      At all times relevant to this Complaint, Defendants maintained a policy and practice  of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.      Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor

Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiffs seek certification of this action as a collective action on behalf of themselves individually and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

17.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Diner located in this district. Further, Plaintiffs were employed by Defendants in this district.

## THE PARTIES

*Plaintiffs*

18.     Plaintiff Rosales Medina Donato ("Plaintiff Medina" or "Mr. Medina") is an adult individual residing in New York County, New York. Plaintiff Medina was employed by Defendants from approximately April 2015 until on or about July 18, 2016.

- 4 -

19.     Plaintiff Osman Abimael Perez ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Bronx County, New York.  Plaintiff Perez was employed by Defendants from approximately April 2016 until on or about July 16, 2016.

20.     Plaintiff Selvin Herminio Ramos (a.k.a Wilson) ("Plaintiff Herminio" or "Mr. Herminio") is an adult individual residing in Bronx County, New York.  Plaintiff Herminio was employed by Defendants from approximately March 2016 until on or about July 2016.

*Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled a Diner located at 641 2nd Avenue #1, New York, N.Y. 10016 under the name "Gemini Diner."

22.     Upon information and belief, Gemini Diner Inc. (the Defendant Corporation) is a domestic corporation organized and existing under the laws of the State of New York.

23.     Upon information and belief, it maintains its principal place of business at 641 2nd Avenue#1, New York, New York 10016.

24.     Defendant Constantinos Kassimis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Constantinos Kassimis is sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation. Defendant Constantinos Kassimis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controls significant functions of Defendant Corporation.  He determined the wages and compensation of the employees of Defendants, including Plaintiffs, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

25.     Defendant Christos Argyros is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Christos Argyros is

sued individually in his capacity as owner, officer and/or agent of the Defendant Corporation.

Defendant Christos Argyros possesses operational control over Defendant Corporation, an

ownership interest in Defendant Corporation, or controls significant functions of Defendant

Corporation. He determined the wages and compensation of the employees of Defendants,

including Plaintiffs, and established the schedules of the employees, maintained employee

records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate a Diner located in the Kips Bay section of Manhattan in New

York City.

27.     The individual Defendants, Constantinos Kassimis and Christos Argyros, possess

operational control over Defendant Corporation, possess ownership interests in Defendant

Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other

with respect to employees, pay employees by the same method, and share control over the

employees.

29.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly

situated employees') working conditions, and over the policies and practices with respect to the

employment and compensation of Plaintiffs, and all similarly situated individuals, referred to

herein.

30.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

31.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

32.    Upon information and belief, individual Defendants Constantinos Kassimis and Christos Argyros operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

 a. failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a corporation,

 b. defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

 c. transferring assets and debts freely as between all Defendants,

 d. operating Defendant Corporation for their own benefit as the sole or majority shareholders,

 e. operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation,

 f. intermingling assets and debts of their own with Defendant Corporation,

 g. diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

 h. other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

34.     In each year from 2015 until 2016, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the diner on a daily basis were goods produced outside of the State of New York.

*Individual Plaintiffs*

36.     Plaintiffs are former employees of Defendants who were employed as dishwasher and ostensibly employed as delivery workers. However, the delivery workers spent a considerable amount of time performing the non-tipped, non-delivery duties described above.

37.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Rosales Medina Donato*

38.     Plaintiff Medina was employed by Defendants from approximately April 2015 until on or about July 18, 2016.

39.     Defendants ostensibly employed Plaintiff Medina as a delivery worker.

40.     However, Plaintiff Medina was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

41.     Although Plaintiff Medina was ostensibly employed as a delivery worker, he spent over 20% of the time he worked each day performing non-delivery work throughout his employment with Defendants.

42.     Plaintiff Medina regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Medina's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Medina regularly worked in excess of 40 hours per week.

45.     From approximately April 2015 until on or about June 2016, Plaintiff Medina worked from approximately 8:45 a.m. until on or about 7:15 p.m. Mondays, Saturdays and Sundays, from approximately 8:45 a.m. until on or about 9:15 p.m. Tuesdays and Fridays and from approximately 6:30 a.m. until on or about 5:15 p.m. on Thursdays (typically 67.25 hours per week).

46.     From approximately June 2016 until on or about July 18, 2016, Plaintiff Medina worked from approximately 7:45 p.m. until on or about 6:10 a.m. Wednesdays through Sundays (typically 52.05 hours per week).

47.     Throughout his employment with Defendants, Plaintiff Medina was paid his wages in cash.

48.     From approximately April 2015 until on or about June 2016, Defendants paid Plaintiff Medina a fixed salary of $320 per week.

49.     From approximately June 2016 until on or about July 2016, Defendants paid Plaintiff Medina a fixed salary of $250 per week.

50.     Plaintiff Medina's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

51.     In fact, Defendants frequently required Plaintiff Medina to start working 15 minutes prior to his scheduled start time and continue working 15 minutes past his scheduled stop time and did not pay him for the extra time he worked.

52.     From approximately June 2016 until on or about July 18, 2016, Defendants did not grant Plaintiff Medina a meal break or rest period of any length.

53.     Plaintiff Medina was never notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Medina's wages.

55.     Furthermore, Defendants did not provide Plaintiff Medina with a statement of wages with each payment of wages, as required by NYLL 195(3).

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Medina regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not give any notice to Plaintiff Medina, in English and in Spanish (Plaintiff Medina's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

58.     Defendants required Plaintiff Medina to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a set of lights for the bike, and repair and maintenance of the bicycle.

### *Plaintiff Osman Abimael Perez*

59.     Plaintiff Perez was employed by Defendants from approximately April 2016 until on or about July 16, 2016.

60.     Defendants ostensibly employed Plaintiff Perez as a delivery worker.

61.     However, Plaintiff Perez was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

62.     Although Plaintiff Perez was ostensibly employed as a delivery worker, he spent over 20% of his work time each day performing non-delivery work throughout his employment with Defendants.

63.     Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

64.     Plaintiff Perez's work duties required neither discretion nor independent judgment.

65.     Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

66.     From approximately April 2016  until on or about July 16, 2016, Plaintiff Perez worked from approximately 9:00 p.m. until on or about 7:00 a.m. three days a week and from

approximately 9:00 p.m. until on or about 7:30 p.m. three days a week (typically 61.5 hours per week).

67.    Throughout his employment with Defendants, Plaintiff Perez was paid his wages in cash.

68.    From approximately April 2016 until on or about July 16, 2016, Defendants paid Plaintiff Perez a fixed salary of $300 per week.

69.    Plaintiff Perez's pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

70.    In fact, Defendants required Plaintiff Perez to work an additional 30 minutes three times a week, and did not pay him for the extra time he worked.

71.    Plaintiff Perez was never notified by Defendants that his tips were being included as an offset for wages.

72.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Perez's wages.

73.    Plaintiff Perez was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

74.    Defendants required Plaintiff Perez to sign a piece of paper in order to get paid each pay day.

75.    Furthermore, Defendants did not provide Plaintiff Perez with a statement of wages with each payment of wages, as required by NYLL 195(3).

76.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

- 12 -

77.     Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

78.     Defendants required Plaintiff Perez to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, and a bike chain.

*Plaintiff Selvin Herminio Ramos (a.k.a Wilson)*

79.     Plaintiff Herminio was employed by Defendants from approximately March 2016 until on or about July 2016.

80.     Defendants ostensibly employed Plaintiff Herminio as a delivery worker.

81.     However, Plaintiff Herminio was also required to spend a significant portion of his work day performing the non-tipped, non-delivery duties described above.

82.     Although Plaintiff Herminio was ostensibly employed as a delivery worker, he spent over 20% of his work time each day performing non-delivery work throughout his employment with Defendants.

83.     Plaintiff Herminio regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

84.     Plaintiff Herminio' work duties required neither discretion nor independent judgment.

85.     Throughout his employment with Defendants, Plaintiff Herminio regularly worked in excess of 40 hours per week.

86.     From approximately March 2016 until on or about July  2016, Plaintiff Herminio worked from approximately 8:00 p.m. until on or about 6:15 a.m. Mondays through Thursdays and from approximately 9:00 p.m. until on or about 7:30 or 7:40 a.m. Saturdays and Sundays

(typically 62.32 hours per week).

87.    Throughout his employment with Defendants, Plaintiff Herminio was paid his wages in cash.

88.    From approximately March 2016 until on or about July 2016, Defendants paid Plaintiff Herminio a fixed salary of $300 per week.

89.    Plaintiff Herminio' pay did not vary even when he was required to stay late or work a longer day than his usual schedule.

90.    In fact, Defendants required Plaintiff Herminio to work an additional 30 to 40 minutes past his scheduled departure time on Saturdays and Sundays, and did not pay him for the extra time he worked.

91.    Plaintiff Herminio was never notified by Defendants that his tips were being included as an offset for wages.

92.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Herminio' wages.

93.    Plaintiff Herminio was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

94.    Defendants required Plaintiff Herminio to sign a piece of paper in order to get paid each week.

95.    Furthermore, Defendants did not provide Plaintiff Herminio with a statement of wages with each payment of wages, as required by NYLL 195(3).

96.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Herminio regarding overtime and wages under the FLSA and NYLL.

97.     Defendants did not give any notice to Plaintiff Herminio, in English and in Spanish (Plaintiff Herminio' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

98.     Defendants required Plaintiff Herminio to purchase "tools of the trade" with his own funds—including two bicycles, a lock and chain, a set of lights for the bike and $450 in repair and maintenance of the bicycle.

*Defendants' General Employment Practices*

99.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, overtime and spread of hours pay as required by federal and state laws.

100.    Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

101.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, resulting in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

102.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

103.    Defendants required Plaintiffs to perform general non-delivery, non-tipped restaurant tasks in addition to their primary duties as delivery workers.

104.    Plaintiffs were employed ostensibly as tipped employees by Defendants, although their actual duties included greater or equal time spent performing non-tipped duties.

105.    Plaintiffs were paid at the lowered tip-credited rate by Defendants.  However, under state law, Defendants were not entitled to a tip credit because Plaintiffs' non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever was less). 12 N.Y. C.R.R. § 146.

106.    New York State regulations provide that an employee cannot be classified as a tipped employee "on any day… in which he has been assigned to work in an occupation in which tips are not customarily received."  (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

107.    Plaintiffs' duties were not incidental to their occupation as delivery workers, but instead constituted entirely unrelated general restaurant work with duties including the non-tipped, non-delivery duties described above.

108.    In violation of federal and state law, as discussed above, Defendants classified Plaintiffs as tipped employees and paid them at the tip-credited rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

109.    Defendants failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

110.    Defendants failed to inform Plaintiffs that their tips would be credited towards the payment of the minimum wage.

111.    Defendants failed to maintain a record of tips earned by Plaintiffs for the deliveries they made to customers.

112.    All Plaintiffs were paid their wages entirely in cash.

- 16 -

113.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

114.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

115.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

116.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated current and former delivery workers.

117.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

118.     Defendants failed to provide Plaintiffs and other employees with wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

119.     Defendants failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

120.     Plaintiffs bring their FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants on or after the date that is three years before the filing of this Complaint (the "FLSA Class Period"), as employees of Defendants (the "FLSA Class").

121.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions.

122.     At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at a one and one-half times their regular rates for work in excess of forty (40) hours per workweek.

123.    At all relevant times, Plaintiffs, and other members of the FLSA Class who are and/or have been similarly situated, have been subject to Defendants' willful failure to keep records required by the FLSA.

124.    The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA)

125.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

126.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

127.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

128.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

129.    In violation of 29 U.S.C. § 206(a), Defendants failed to pay Plaintiffs at the applicable minimum hourly rate.

130.    Defendants' failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

131.    Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

132.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

133.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

134.     Defendants' failure to pay Plaintiffs, and the putative FLSA Class members, overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

135.     Plaintiffs were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE NEW YORK MINIMUM WAGE ACT)

136.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

137.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled their terms and conditions of employment, and determined the rates and methods of any compensation in exchange for their employment.

138.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

139.     Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

140.     Plaintiffs were damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE
### NEW YORK STATE LABOR LAW)

141.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime

compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

143.    Defendants failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

144.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

145.    Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

146.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq*. and 650 *et seq*. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6(a) (2009).

148.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

149.    Plaintiffs were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

150.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

152.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**
**(VIOLATION OF THE WAGE STATEMENT PROVISIONS**
**OF THE NEW YORK LABOR LAW)**

153.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

154.    With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

155.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorney's fees.

- 22 -

## EIGHTH CAUSE OF ACTION
### (RECOVERY OF EQUIPMENT COSTS)

156.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

157.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, such as bicycles, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

158.     Plaintiffs were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants VIOLATED  the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(c)     Declaring that Defendants VIOLATED  the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs (including the prospective collective class members);

(d)     Declaring that Defendants VIOLATED  the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' (and the prospective

collective class members') compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiffs (including the prospective collective class members);

(f)     Awarding Plaintiffs (including the prospective collective class members) damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs (including the prospective collective class members) liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants VIOLATED  the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants VIOLATED  the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants VIOLATED  the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiffs;

(k)     Declaring that Defendants VIOLATED  the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiffs;

(m)     Awarding Plaintiffs damages for the amount of unpaid minimum and overtime

wages, and for any improper deductions or credits taken against wages, as well as awarding

spread of hours pay under the NYLL, as applicable;

(n)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and

recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred

percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime

compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages

pursuant to NYLL § 198(3);

(p)     Awarding Plaintiffs (including the prospective collective class members) pre-

judgment and post-judgment interest as applicable;

(q)      Awarding Plaintiffs (including the prospective collective class members) the

expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days

following issuance of judgment, or ninety days after expiration of the time to appeal and no

appeal is then pending, whichever is later, the total amount of judgment shall automatically

increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 4, 2016

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:        /s/ Michael Faillace
           Michael Faillace [MF-8436]
           MICHAEL FAILLACE & ASSOCIATES, P.C.
           Michael A. Faillace [MF-8436]
           60 East 42nd Street, suite 2540
           New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

_____

Faillace@employmentcompliance.com

July 18, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Rosales Medina Donato

Legal Representative / Abogado:         Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                           18 de julio de 2016

# Michael Faillace & Associates, P.C.

**Employment and Litigation Attorneys**

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 18, 2016

**BY HAND**

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Osman Abimael Perez Perez

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                            18 de julio de 2016

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 2540
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

July 18, 2016

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Selvin Herminio Ramos Perez

Legal Representative / Abogado:          Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                                    18 de julio de 2016